Crayhill Capital Mgt. LP v KB DST Borrower LLC (2024 NY Slip Op 50250(U))

[*1]

Crayhill Capital Mgt. LP v KB DST Borrower LLC

2024 NY Slip Op 50250(U)

Decided on March 11, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 11, 2024
Supreme Court, New York County

Crayhill Capital Management LP and 
 KNIGHTS HILL IRELAND II DAC, Plaintiffs,

against
KB DST Borrower LLC, KB DST BORROWER CA LLC, KINGSBARN REALTY CAPITAL, LLC, JEFFREY A. PORI, KINGSBARN REAL ESTATE CAPITAL 2, LLC, KB EXCHANGE PROPERTIES 2, LLC and JOHN AND JANE DOES 1-100, Defendants.

Index No. 656286/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 21 were read on this motion to/for SEAL.
In this commercial action, plaintiffs move, by order to show cause, for an order pursuant to 22 NYCRR 216.1 (a): (1) sealing for good cause the unredacted version of that certain Senior Secured Term Loan Agreement dated December 17, 2020 (the LA) (NYSCEF Doc. Nos. 11 and 19), which is cited to in plaintiffs' Memorandum of Law in Support of their Motion to Dismiss Defendants' Counterclaims (NYSCEF Doc No. 17); (2) restricting access to the sealed, unredacted version of the document to the parties; and (3) restraining the Chief Deputy Clerk, Chief Clerk of Law and Equity, and/or the Chief Judgment Clerk from publicly publishing the unredacted materials. No prior application has been sought for this relief by plaintiffs. For the reasons set forth below, the motion is granted.
Discussion
Under New York law, there is a presumption that the public is entitled to access to judicial proceedings and court records (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501 [2d Dept 2007]). The public's right to access, however, is not absolute, and a court is empowered to seal or redact court records pursuant to section 216.1 (a) of the Uniform Rules for Trial Courts upon a showing of "good cause" (Danco Labs v Chemical Works of Gedeon Richter, 274 AD2d 1, 8 [1st Dept 2000]).
Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:
"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In [*2]determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."
Thus, in the business context, courts permit records to be sealed when trade secrets are involved or when disclosure of information contained in documents "could threaten a business's competitive advantage" (Mosallem v Berenson, 76 AD3d 345, 350-351 [1st Dept 2010]; see also Mancheski v Gabelli Grp. Cap. Partners, 39 AD3d 499, 502 [2d Dept 2007]). Moreover, sealing has been permitted in the absence of "any legitimate public concern, as opposed to mere curiosity, to counterbalance the interest of [a business's] partners and clients in keeping their financial arrangement private" (Dawson v White & Case, 184 AD2d 246, 247 [1st Dept 1992] [internal quotation marks and citation omitted]).
On July 12, 2022, plaintiffs filed an unredacted version of the LA as an exhibit to the affirmation of their counsel David M. Zensky, accompanying their Memorandum of Law in Support of their Motion to Dismiss Defendants' Counterclaims (NYSCEF Doc. Nos. 17-19). Plaintiffs concurrently filed an order to show cause, an attorney's affirmation, and a second copy of the unredacted LA (NYSCEF Doc. Nos. 8, 10 and 11), seeking to seal the LA for good cause pursuant to 22 NYCRR 216.1 (a). On July 14, 2022, this court ordered that, pending the hearing of this order to show cause via written submissions, the documents shall be restricted to all except the parties, their counsel and court personnel.
Plaintiffs assert that the LA contains confidential, commercially sensitive details of plaintiffs' financial and competitive business information, specifically the financing terms for the loans that plaintiffs provided to defendants, the disclosure of which could cause plaintiffs competitive harm. Thus, plaintiffs claim that good cause exists to seal the LA in order to protect their business.
The court finds that plaintiffs' application comports with the applicable sealing standards as set forth in Mosallem (76 AD3d 345). The LA contains extensive sensitive, nonpublic financial information that could threaten plaintiffs' competitive advantage and therefore warrants protection (see id.; see also Spot & Co. of Manhattan, Inc. v Rudin, 2022 NY Slip Op 33980[U] [Sup Ct, NY County 2022]). Further, the court finds no compelling public interest in the financial terms discussed in the LA (see Dawson, 184 AD2d 246) and, with no stated opposition in this record indicating otherwise, the LA should be sealed.

 Conclusion
Accordingly, it is
ORDERED that motion seq. no. 001 is granted, and plaintiffs shall file a copy of the LA (NYSCEF Doc. Nos. 11 and 19) by March 25, 2023, redacted to the extent that it concerns confidential financial terms for the loans plaintiffs provided to defendants; and it is further
ORDERED that the New York County Clerk, upon service to him of this order by movant, shall seal NYSCEF Doc. Nos. 11 and 19; and it is further
ORDERED that the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from [*3]counsel; and it is further
DATE March 11, 2024
ROBERT R. REED, J.S.C.