## Pacific Inv. Mgt. Co. LLC v Humboldt Ams. LLC

2024 NY Slip Op 32871(U)

August 15, 2024

Supreme Court, New York County

Docket Number: Index No. 650524/2024

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 49M

-----------------------------------------------------------------------------X

PACIFIC INVESTMENT MANAGEMENT COMPANY LLC,

                        Plaintiff,

                - v -

HUMBOLDT AMERICAS LLC, and PETRA
MANAGEMENT LIMITED,

                    Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650524/2024 |
| **MOTION DATE** | 04/29/2024, 05/03/2024, 05/21/2024, 05/21/2024 |
| **MOTION SEQ. NO.** | MS 005 006 007 008 |

### DECISION + ORDER ON MOTION

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 133, 134, 135, 169, 170

were read on this motion to/for                         **SEAL**                          .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 174, 175, 176, 177, 178, 179, 180

were read on this motion to/for                         **SEAL**                          .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 205, 206, 207, 208, 209, 233, 234

were read on this motion to/for                         **SEAL**                          .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 232, 235

were read on this motion to/for                         **SEAL**                          .

       In this action arising from defendants Humboldt Americas LLC (Humboldt)'s and PETRA Management Limited (PETRA, and together with Humboldt, "defendants")'s alleged breach of a Receivable Sales Agreement (RSA), defendants and intervenor-defendants Nuveen and Kuvare ("Majority Noteholders" or "Required Purchasers," interchangeably) make several motions to seal various documents pursuant to Section 216.1 of the Uniform Rules for New York State Trial Courts. The motions are unopposed.

       In Motion Sequence (MS) 5, the Required Purchasers move to seal Exhibits 2-8 (NYSCEF #s 116-122) to Jooyoung Yeu's Affirmation in support of plaintiff Pacific

**650524/2024   PACIFIC INVESTMENT MANAGEMENT COMPANY LLC vs. HUMBOLDT AMERICAS LLC ET AL**
**Motion No.  005 006 007 008**

**Page 1 of 4**

1 of 4

Investment Management Company LLC (PIMCO)'s Opposition to the Required Purchasers' Motion to Intervene ("the Yeu Affirmation"); Exhibits A and B (NYSCEF #s 127-128) to Uri Itkin's Affirmation in Support of Required Noteholders Reply in Support of the Motion to Intervene ("Itkin Reply Affirmation"); and the unredacted version of PIMCO's Opposition to the Motion to Intervene (NYSCEF # 123; *see also* NYSCEF # 169, OSC for MS005).

Required Purchasers argue that these documents "contain commercially sensitive information concerning ongoing business and settlement negotiations amongst the parties to this case" (NYSCEF # 135, MOL MS005, at 2). More specifically, the exhibits consist of "communications from late 2023 and early 2024 between counsel for [Required Purchasers] and counsel for [defendants] concerning negotiations of a consensual resolution of [d]efendants' various defaults under the contracts at issue in this case" (*id.*). One of the exhibits consists of a PowerPoint slide deck regarding a business deal relating to defendant PETRA (*see* NYSCEF # 120). The exhibits "also include non-public details regarding the Humboldt Program's finances and operations" (*id.*). As for PIMCO's un-redacted brief, all proposed redactions relate to the information in the above exhibits.

In Motion Sequence 6, defendants move to seal Exhibit A to James Balcom's Affidavit (NYSCEF #s 167, 177) and file a public, redacted version in its stead (NYSCEF # 178). Exhibit A is filed on the same NYSCEF number as Balcom's affidavit and consists of a PowerPoint slide deck by FTI Consulting discussing the "Humboldt Program" at issue in this case (*see* NYSCEF #s 167, 177). Defendants propose to redact all of the text from all of the slides (*see* NYSCEF # 178). Defendants argue that good cause exists because Exhibit A "contains highly sensitive and confidential competitive and proprietary information regarding the Humboldt Program and its financial condition," and that "[p]ublic disclosure . . . [would] hurt the business's ability to collect on receivables, retain their employees, and gain business opportunities" (NYSCEF # 175, Memo of Law MS006, at 2-3).

In Motion Sequences 7 and 8, the Required Purchasers (MS007) and defendants (MS008) move to seal and redact Exhibit B to Jooyoung Yeu's Reply Affirmation in Support of PIMCO's Order to Show Cause for Preliminary Injunction ("Yeu's Reply Affirmation") (NYSCEF #s 184, 207, 214, Unredacted Exhibit B; NYSCEF #s 208 & 215, Redacted Exhibit B); and to seal Exhibit C (NYSCEF #s 185 & 216) and Exhibits K-Q (NYSCEF #s 193-199, 219-225) to Yeu's Reply Affirmation. They also seek to seal and redact PIMCO's Reply Memorandum in Support of the same Order to Show Cause for Preliminary Injunction (NYSCEF #s 200 & 212, Unredacted Reply; NYSCEF #s 201 & 213, Redacted Reply). Defendants alone also additionally ask to seal and redact Exhibit D to Yeu's Reply Affirmation (NYSCEF #s 186 & 217, Unredacted Exhibit D; NYSCEF # 218, Redacted Exhibit D). Notably, defendants propose more extensive redactions to Exhibit B than Required Purchasers do (*compare* NYSCEF # 208 *with* NYSCEF # 215).

**650524/2024  PACIFIC INVESTMENT MANAGEMENT COMPANY LLC vs. HUMBOLDT AMERICAS LLC ET AL**
**Motion No.  005 006 007 008**

**Page 2 of 4**

2 of 4

The documents in Motion Sequences 7 and 8 consist of "communications from mid-2023 through early 2024 between counsel for the [Required Purchasers] and counsel for [defendants]," as well as a copy of the transcript Russell Schreiber's deposition taken on May 1, 2024 (NYSCEF # 209, Required Purchasers MOL MS007 at 2). More specifically, defendants claim Schreiber's deposition and the Reply contain references to FTI's analysis of the Humboldt Program, while the remaining documents relate to "confidential banking information" and "settlement negotiations" (NYSCEF # 226, Defs. MOL MS008 at 1). Besides the transcript, most of the exhibits consist of emails between the parties, while Exhibit D consists of a "Humboldt asset report dated as of October 31, 2023" (*see* NYSCEF # 182, Yeu Reply Aff., ¶ 5).

Defendants and Required Purchasers argue that the documents in Motion Sequences 7 and 8 should be sealed and redacted because they "include highly sensitive and confidential competitive and proprietary information about the Humboldt Program, as well as confidential banking information and settlement communications" (NYSCEF # 226 at 2; *see also* NYSCEF # 209 at 3-4 [the documents contain "confidential, non-public and commercially sensitive settlement negotiations" and "significant non-public details concerning the Humboldt Program's financial and operational state" and "discussions about potential changes to the program's operations, structure, and governance"]).

Upon review of the documents sought to be sealed and the proposed redactions, which pertain to ongoing confidential settlement negotiations, proprietary business information, and confidential banking information, and are additionally of minimal public interest, the court finds that good cause exists for the sealing and redactions under 216.1 of the Uniform Rules of Trial Courts (*see Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992] [sealing is warranted in the absence of "any legitimate public concern, as opposed to mere curiosity, to counter-balance the interest [a business'] partners and clients have in keeping their financial arrangements private"]; *D'Amour v Ohrenstein & Brown, LLP*, 17 Misc 3d 1130[A], *20 [Sup Ct, NY County 2007] ["Sealing a court file may be appropriate to preserve the confidentiality of materials which involve the internal finances of a party and are of minimal public interest"]; *Matter of Gordon v Vil. of Bronxville*, 5 Misc 3d 1030(A) [Sup Ct, Westchester County 2004] [denying access to settlement negotiations but allowing access to final settlement]).

While all of the documents here have good cause to be kept confidential, in particular, the communications representing the parties' ongoing settlement discussions must be sealed to allow the parties freedom to find an out-of-court solution to their dispute.

Accordingly, it is

ORDERED that the motions to seal and redact (MS005, MS006, MS007, and MS008) are granted; and it is further

650524/2024 PACIFIC INVESTMENT MANAGEMENT COMPANY LLC vs. HUMBOLDT AMERICAS LLC ET AL
Motion No. 005 006 007 008

Page 3 of 4

ORDERED that the Clerk of the Court is directed, upon service upon the clerk of a copy of this Decision and Order with notice of entry, to seal Exhibits 2-8 to the Yeu Affirmation; Exhibits A and B to the Itkin Affirmation; the unredacted version of PIMCO's Opposition to the Required Purchasers' Motion to Intervene; James Balcom's unredacted Affidavit; Exhibits B, C, D, K, L, M, N, O, P, and Q to Yeu's Reply Affirmation; and PIMCO's Reply Memorandum in Support of PIMCO's Order to Show Cause for Preliminary Injunction (NYSCEF #s 116–123, 127–128, 167, 177, 184–186, 193–200, 207, 212, 214, 216–217, 219–225); and it is further

ORDERED that until further order of the court, the Clerk of the Court shall deny access to those documents (NYSCEF #s 116–123, 127–128, 167, 177, 184–186, 193–200, 207, 212, 214, 216–217, 219–225) to anyone (other than the staff of the Clerk or the court) except for counsel of record for any party to this action, any party, and any representative of the counsel of record for a party upon presentation to the County Clerk of written authorization from said counsel and appropriate identification; and it is further

ORDERED that defendants only shall file on the docket public versions of James Balcom's Affidavit and Exhibits B & D to Yeu's Reply Affirmation comporting with the proposed redactions (*see* NYSCEF #s 178, 215, 218); and it is further

ORDERED that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

| 8/15/2024 | |
|---|---|
| DATE | MARGARET A. CHAN, J.S.C. |

CHECK ONE:

| | | | |
|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

650524/2024 PACIFIC INVESTMENT MANAGEMENT COMPANY LLC vs. HUMBOLDT AMERICAS LLC ET AL
Motion No. 005 006 007 008

Page 4 of 4

4 of 4