# AT&T Mobility Holdings B.V. v Grupo Salinas Telecom, S.A. DE C.V.

2024 NY Slip Op 33461(U)

September 28, 2024

Supreme Court, New York County

Docket Number: Index No. 650330/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

---------------------------------------------------------------------------------X

AT&T MOBILITY HOLDINGS B.V.,

                              Plaintiff,

                - v -

GRUPO SALINAS TELECOM, S.A. DE C.V., and GRUPO
SALINAS TELECOM II, S.A. DE C.V.,

                         Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650330/2020 |
| MOTION DATE | |
| MOTION SEQ. NO. | 010 011 013 014 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 010) 598, 599, 600, 601, 602, 603, 604, 605, 606, 625, 634, 635, 636, 637, 638, 639, 640, 641, 642, 643, 644, 645, 646, 647, 648, 649

were read on this motion to/for                        SEAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 607, 608, 609, 610, 611, 612, 613, 614, 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 626, 628, 629, 633

were read on this motion to/for                        SEAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 013) 682, 683, 684, 685, 686, 687, 688, 689, 690, 691, 692, 693, 694, 695, 726, 730, 731

were read on this motion to/for                        SEAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 014) 698, 699, 700, 701, 702, 703, 704, 705, 706, 707, 708, 709, 710, 711, 712, 713, 714, 715, 716, 717, 723, 724, 725

were read on this motion to/for                        SEAL                    .

      In motion seq. no. 010, plaintiff AT&T moves to unseal NYSCEF 582, 583, 584, 587, 588, 590, 593, 594, 595, and 596 and redact confidential personal information contained in NYSCEF 585, 586, 589, 591, and 592.  The Grupo defendants do not oppose this application; rather, they filed a response (labeled an opposition in NYSCEF) to inform the court that they also seek to redact NYSCEF 585, 586, 589, 591, and 592 (NYSCEF 608, Defendants' OSC to Seal [mot. seq. no. 011].)  While plaintiff originally

650330/2020   AT&T MOBILITY HOLDINGS B.V. vs. GRUPO SALINAS TELECOM, S.A.        Page 1 of 5
Motion No.  010 011 013 014

1 of 5

opposed defendants' proposed redactions, the parties have since agreed upon a more narrowed set of proposed redactions. (*See* NYSCEF 633, Plaintiff's Letter to Court; *see also* NYSCEF 638-642, Newly Proposed Redactions.) As to NYSCEF 583 and 596, which are included in the documents that the plaintiff seeks to unseal, again, the parties have come to an agreement to more narrowly proposed redactions. (NYSCEF 636 and 637.)

In motion seq. nos. 013 and 014, defendants move to redact NYSCEF 662, 655, 656, 658, 660, and NYSCEF 680, 663, 664, 665, 666, 667, 668, 669, respectively. There is no opposition to these two motions.

The court notes that the parties have adequately included descriptions of each document on NYSCEF, and therefore, need not describe each document the parties seek to redact here. The court also notes no indication that the public or press have an interest in this matter.

As there is no opposition to the portion of plaintiff's motion seeking to unseal NYSCEF 582, 584, 587, 588, 590, 593, 594, and 595, that portion of the motion is granted. The court now reviews the applications to seal NYSCEF 583, 585, 586, 589, 591, 592, 596, 655, 656, 660, 662, 663, 664, 665, 666, 667, 668, 669, and 680.[1]

Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:

"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears

---

[1] Unredacted copies of NYSCEF 583, 585, 586, 589, 591, 592, and 596 are also filed at NYSCEF 636-642.

**650330/2020 AT&T MOBILITY HOLDINGS B.V. vs. GRUPO SALINAS TELECOM, S.A.** **Page 2 of 5**
**Motion No. 010 011 013 014**

[* 2]

necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."

Judiciary Law § 4 provides that judicial proceedings shall be public. "The public needs to know that all who seek the court's protection will be treated evenhandedly," and "[t]here is an important societal interest in conducting any court proceeding in an open forum." (*Baidzar Arkun v Farman-Farma*, 2006 NY Slip Op 30724[U], *2 [Sup Ct, NY County 2006] [citation omitted].) The public right of access, however, is not absolute. (*See Danco Lab, Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000].)

The "party seeking to seal court records bears the burden of demonstrating compelling circumstances to justify restricting public access" to the documents. (*Mosallem v Berenson*, 76 AD3d 345, 348-349 [1st Dept 2010] [citations omitted].) The movant must demonstrate good cause to seal records under Rule § 216.1 by submitting "an affidavit from a person with knowledge explaining why the file or certain documents should be sealed." (*Grande Prairie Energy LLC v Alstom Power, Inc.*, 2004 NY Slip Op 51156 [U], *2 [Sup Ct, NY County 2004].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Labs.*, 274 AD2d at 8.)

Courts have sealed records where trade secrets are involved or where the disclosure of documents "could threaten a business's competitive advantage." (*Mosallem*, 76 AD3d at 350-351 [citations omitted].) Additionally, the First Department has affirmed the sealing of records concerning financial information where there has not been a showing of relevant public interest in disclosure of the financing. (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].)

650330/2020   AT&T MOBILITY HOLDINGS B.V. vs. GRUPO SALINAS TELECOM, S.A.          Page 3 of 5
Motion No.  010 011 013 014

The parties have shown good cause to seal these documents to extent that they contain non-public, financially sensitive, and confidential business information. The proposed redactions are sufficiently narrow.

ORDERED that motion sequence numbers 010, 011, 013, and 014 are granted and the County Clerk, upon service of this order, shall permanently seal NYSCEF 583, 585, 586, 589, 591, 592, 596, 655, 656, 660, 662, 663, 664, 665, 666, 667, 668, 669, and 680 and the parties shall file redacted copies of these documents publicly if they have not already; and it is further

ORDERED that the County Clerk is directed to unseal NYSCEF 582, 584, 587, 588, 590, 593, 594, and 595; and it is further

ORDERED the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that movants serve a copy of this order upon the Clerk of the Court and the Clerk of the General Clerk's Office in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed

650330/2020   AT&T MOBILITY HOLDINGS B.V. vs. GRUPO SALINAS TELECOM, S.A.          Page 4 of 5
Motion No. 010 011 013 014

4 of 5

[* 4]

sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial.

_____
9/28/2024
**DATE**

20240928203612AMASLEYFFB9470FDF2D4C62B24EC0EE5E58B95B

_____
**ANDREA MASLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

650330/2020   AT&T MOBILITY HOLDINGS B.V. vs. GRUPO SALINAS TELECOM, S.A.
Motion No.  010 011 013 014

Page 5 of 5