## GNHC 1703-518, LLC v Venari Partners, LLC

2024 NY Slip Op 33466(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 651347/2022

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

GNHC 1703-518, LLC,

| | |
|---|---|
| **INDEX NO.** | 651347/2022 |

Plaintiff,

| | |
|---|---|
| **MOTION DATE** | -- |

- v -

VENARI PARTNERS, LLC, SWEETBRIAR CAPITAL, LLC,
MIN-FAM-HOLDING, LLC,110 PARTNERS LIMITED
LIABILITY COMPANY, UPTOWN INVESTORS L.P., JOHN
MININNO, BRAD J. BLASCHAK, JOSEPH P. RICCARDO,
PETER RICCARDO, MICHAEL CALLAGHAN, JEREMIAH
CALLAGHAN, DOES 1-25, NHCALILLY, LLC,
NHCAGILEAD, LLC, NHCABAYLASH, LLC, HEALTH
CHOICE ALLIANCE, LLC, HEALTH CHOICE
ADVOCATES, LLC, and HEALTH CHOICE GROUP, LLC,

| | |
|---|---|
| **MOTION SEQ. NO.** | 013 |

**DECISION + ORDER ON
MOTION**

Defendants.

-----------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 013) 185, 186, 187, 188,
189, 190, 191, 192, 193, 194, 195, 196, 199

were read on this motion to/for                                   SEAL                                   .

   In motion sequence 013, defendants Sweetbriar Capital, LLC, 110 Partners, LLC,

and Uptown Investors, L.P. move pursuant to the Uniform Rules of the New York State

Trial Courts (22 NYCRR) § 216.1 to redact (i) NYSCEF 189[1] (Sweetbriar Capital, LLC's

answer), (ii) NYSCEF 190[2] (110 Partners, LLC's answer) and (iii) NYSCEF 191[3]

(Uptown Investors, L.P.'s answer).  Moving defendants also seeks an order that any

future filings be redacted to the extent such filings contain information that they are

seeking to redact here.  The motion is unopposed.  There is no indication that the press

or public have an interest in this matter.

---

[1] A public copy of NYSCEF 189 with proposed redactions is at NYSCEF 182.

[2] A public copy of NYSCEF 190 with proposed redactions is at NYSCEF 183.

[3] A public copy of NYSCEF 191 with proposed redactions is at NYSCEF 184.

**651347/2022   GNHC 1703-518, LLC vs. VENARI PARTNERS, LLC ET AL**     **Page 1 of 4**
**Motion No.  013**

[* 1]

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerus statutes." (*Id.* at 349.) One of those statutes is section 216.1 (a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause. It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (22 NYCRR 216.1.)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].) For example, in the business context, courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage." (*Id.* at 350-351 [citations omitted].) Records concerning private financial information may be sealed where there has not been a showing of relevant public interest in the disclosure of that information. (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].) A party "ought not to be required to make their private financial information public ... where no substantial public interest would be furthered by public access to that information." (*D'Amour v Ohrenstein & Brown*, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U], *20 [Sup Ct, NY County 2007] [citations omitted].)

**651347/2022   GNHC 1703-518, LLC vs. VENARI PARTNERS, LLC ET AL**
**Motion No.  013**

**Page 2 of 4**

2 of 4

Moving defendants have demonstrated good cause to redact NYSCEF 189, 190, and 191. The proposed redactions are limited to the amounts of the moving defendants' investments in defendant Venari Partners, LLC and distributions received from Venari Partners, LLC. Disclosure of such confidential business and financial information would put moving defendants in competitive disadvantage.

Accordingly, it is

ORDERED that the motion is granted; and it is further

ORDERED that and the County Clerk, upon service of this order, shall permanently seal NYSCEF 189, 190 and 191; and it is further

ORDERED the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that moving defendants serve a copy of this order upon the Clerk of the Court and the Clerk of the General Clerk's Office in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

**651347/2022 GNHC 1703-518, LLC vs. VENARI PARTNERS, LLC ET AL**
**Motion No. 013**

Page 3 of 4

ORDERED that this order does not authorize sealing or redacting for purposes of trial.

9/30/2024
DATE

ANDREA MASLEY, J.S.C.

**CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION
X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER
**APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER
**CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE

**651347/2022   GNHC 1703-518, LLC vs. VENARI PARTNERS, LLC ET AL**
**Motion No.  013**

Page 4 of 4

4 of 4

[* 4]