■ EVAN R. DAWSON, Appellant, v WHITE & CASE et al., Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered May 3, 1991, in an action for an accounting, which granted defendants' motion to seal the

record to the extent of sealing the accounting, the objections to the accounts, the hearing transcript and exhibits, the post-hearing briefs and the report of the Special Referee, and directed all parties not to disclose the information placed under seal, except to their attorneys, experts and others as needed in connection with the litigation, unanimously affirmed, without costs.

We agree with the IAS court that plaintiff does not demonstrate a relevant public interest in disclosure of the record of an accounting against this law firm. In particular, plaintiff does not explain why disclosure of financial information concerning defendant's partners and clients, relevant in the accounting for purposes of putting a dollar value on plaintiff's interest in defendant, is necessary to facilitate public discussion of policy issues identified by plaintiff, such as the financing and management of law firms. Plaintiff has failed to show "any legitimate public concern, as opposed to mere curiosity" (*Matter of Crain Communications v Hughes*, 135 AD2d 351, 352, *affd* 74 NY2d 626, *rearg denied* 74 NY2d 843), to counterbalance the interest of defendant's partners and clients in keeping their financial arrangements private. Concur—Sullivan, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.