| Discover Prop. & Cas. Co. v National Football League |
| --- |
| 2024 NY Slip Op 33489(U) |
| September 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652933/2012 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

DISCOVER PROPERTY & CASUALTY COMPANY, ST. PAUL PROTECTIVE INSURANCE COMPANY, TRAVELERS CASUALTY & SURETY COMPANY, TRAVELERS INDEMNITY COMPANY, and TRAVELERS PROPERTY CASUALTY COMPANY,

|  |  |
| --- | --- |
| **INDEX NO.** | 652933/2012 |
| **MOTION DATE** | - |
| **MOTION SEQ. NO.** | 041 |

Plaintiffs,

- v -

**DECISION + ORDER ON MOTION**

NATIONAL FOOTBALL LEAGUE, NFL PROPERTIES LLC,ALTERRA AMERICA INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, TIG INSURANCE COMPANY, CENTURY INDEMNITY COMPANY, FEDERAL INSURANCE COMPANY, GREAT NORTHERN INSURANCE COMPANY, GURANTEE INSURANCE COMPANY, HARTFFORD ACCIDENT & INDEMNITY COMPANY, NORTH RIVER INSURANCE COMPANY, U.S. FIRE INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, ILLINOIS UNION INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, ARROWOOD INDEMNITY COMPANY, CHARTIS SPECIALTY INSURANCE COMPANY, CHARTIS PROPERTY CASUALTY COMPANY, CONTINENTAL CASUALTY COMPANY, CONTINENTAL INSURANCE COMPANY, ILLINOIS NATIONAL INSURANCE COMPANY, MUNICH REINSURANCE AMERICA INC.,NATIONAL UNION FIRE INSURANCE CO OF PITTSBURGH, PA, NEW ENGLAND REINSURANCE CORPORATION, ONEBEACON AMERICA INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, WESTCHESTER FIRE INSURANCE COMPANY, XL INSURANCE AMERICA, INC.,DOE DEFENDANTS 1-100, CHARTIS SELECT INSURANCE COMPANY (3RD PARTY DEFT.), CHARTIS EXCESS LTD. (3RD PARTY DEFT.), PACIFIC INDEMNITY COMPANY, XL SELECT INSURANCE COMPANY, and WESTPORT INSURANCE COMPANY,

Defendants.

-----------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 041) 1400, 1401, 1402, 1403, 1404, 1405, 1406, 1407, 1408, 1409, 1413

were read on this motion to/for                              SEAL                                              .

652933/2012  DISCOVER PROPERTY & CASUALTY vs. NATIONAL FOOTBALL LEAGUE          Page 1 of 9
Motion No.  041

In motion sequence number 041, defendant National Football League (NFL) moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to redact the following documents:

1. NFL's letter to TIG dated February 25, 2014 (NYSCEF 1394, 1395, 1396, and 1397)[1]

2. Anastasia Danias' deposition transcript (NYSCEF 969, 1366, and 1080)[2]

3. Christy Jones' deposition transcript (NYSCEF 1089 and refiled at NYSCEF 1399 with NFL's proposed redactions)[3]

4. Insurers' reply memorandum of law in further support of their motions for summary judgment (NYSCEF 1214, 1237, 1260, 1283, 1323, 1324, 1325, and 1326)[4]

5. John Hatch's supplemental affirmation (NYSCEF 1220, 1243, 1266, and 1289)[5]

6. Paul Tagliabue's deposition transcript (NYSCEF 833 and refiled at NYSCEF 1342 with NFL's proposed redactions)[6]

7. Dr. Elliot Pellman's deposition transcript (NYSCEF 834 and refiled at NYSCEF 1344 with NFL's proposed redactions)[7]

---

[1] Redacted copies are publicly available at NYSCEF 1070, 1124, 1149, and 1174.
[2] A redacted copy is publicly available at NYSCEF 1365.
[3] A redacted copy is publicly available at NYSCEF 1398.
[4] Redacted copies are publicly available at NYSCEF 1213, 1236, 1259, 1282, 1319, 1320, 1321 and 1322.
[5] Redacted copies are publicly available at NYSCEF 1219, 1242, 1265, and 1288, respectively.
[6] A redacted copy is publicly available at NYSCEF 1341.
[7] A redacted copy is publicly available at NYSCEF 1343.

652933/2012 DISCOVER PROPERTY & CASUALTY vs. NATIONAL FOOTBALL LEAGUE
Motion No. 041

Page 2 of 9

8.   Roger Goodell's deposition transcript (NYSCEF 835 and refiled at NYSCEF 1346 with NFL's proposed redactions)[8]

9.   Paul Hicks' deposition transcript (NYSCEF 836 and refiled at NYSCEF 1348 with NFL's proposed redactions)[9]

10.   Jefferey Pash's deposition transcript (NYSCEF 837 and refiled at NYSCEF 1350 with NFL's proposed redactions)[10]

11.   Joseph Siclare's deposition transcript (NYSCEF 838 and refiled at NYSCEF 1352 with NFL's proposed redactions)[11]

12.   John Mara's deposition transcript (NYSCEF 839 and refiled at NYSCEF1354 with NFL's proposed redactions)[12]

13.   Mark Murphy's deposition transcript (NYSCEF 840 and refiled at NYSCEF 1356 with NFL's proposed redactions)[13]

14.   Peter Abitante's deposition transcript (NYSCEF 841 and refiled at 1358 with NFL's proposed redactions)[14]

15.   Dr. Jonathan Rosand's deposition transcript (NYSCEF 842 and 1005 and refiled at NYSCEF1360 with NFL's proposed redactions)[15]

16.   Email containing communication strategy dated August 17, 2010 (NYSCEF 844 and refiled at NYSCEF 1362 with NFL's proposed redactions)[16]

---

[8] A redacted copy is publicly available at NYSCEF 1345.
[9] A redacted copy is publicly available at NYSCEF 1347.
[10] A redacted copy is publicly available at NYSCEF 1349.
[11] A redacted copy is publicly available at NYSCEF 1351.
[12] A redacted copy is publicly available at NYSCEF 1353.
[13] A redacted copy is publicly available at NYSCEF 1355.
[14] A redacted copy is publicly available at NYSCEF 1357.
[15] A redacted copy is publicly available at NYSCEF 1359.
[16] A redacted copy is publicly available at NYSCEF 1363.

652933/2012  DISCOVER PROPERTY & CASUALTY vs. NATIONAL FOOTBALL LEAGUE      Page 3 of 9
Motion No.  041

3 of 9

17.     John Hatch's deposition transcript (NYSCEF 987 and refiled at NYSCEF 1368 with NFL's proposed redactions)[17]

18.     James Campbell's deposition transcript (NYSCEF 997 and refiled at NYSCEF 1370 with NFL's proposed redactions)[18]

19.     Robert Sampson's deposition transcript (NYSCEF 1001 and refiled at NYSCEF1372 with NFL's proposed redactions)[19]

20.     Nicholas Bentley's deposition transcript (NYSCEF 1374)[20]

21.     Dr. Christopher Randolph's deposition transcript (NYSCEF 1007 and refiled at NYSCEF 1376 with NFL's proposed redactions)[21]

22.     Dr. Rudolph Castellani's deposition transcript (NYSCEF 1009 and refiled at NYSCEF 1378 with NFL's proposed redactions)[22]

23.     Dr. William Barr's deposition transcript (NYSCEF 1011 and refiled at NYSCEF 1380 with NFL's proposed redactions)[23]

24.     November 2013 settlement email chain (NYSCEF 1393)[24]

The motion is unopposed. For the reasons stated below, motion sequence number 041 is granted.

Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause.  It provides:

---

[17] A redacted copy is publicly available at NYSCEF 1367.
[18] A redacted copy is publicly available at NYSCEF 1369.
[19] A redacted copy is publicly available at NYSCEF 1371.
[20] A redacted copy is publicly available at NYSCEF 1373.
[21] A redacted copy is publicly available at NYSCEF 1375.
[22] A redacted copy is publicly available at NYSCEF 1377.
[23] A redacted copy is publicly available at NYSCEF 1379.
[24] A redacted copy is publicly available at NYSCEF 1379.

"(a) Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard."

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Id.* at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab, Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotations omitted].)

In the business context, courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage." (*Mosallem*, 76 AD3d at 350 [citations omitted].) Courts have held that good cause exists to seal/redact confidential communications between a policyholder and its insurers concerning claims and the defense or settlement of such claims, particularly when the underlying claims and issues are actively under litigation as the disclosure of such information could disadvantage litigants in the underlying litigation. *(See Century Indem. Co. v. Liberty Mut. Ins. Co.,* 2011 NY Slip Op 33691[U], *15 [Sup Ct, NY County 2011].)*

Confidential defense and settlement information

The NFL has demonstrated good cause to redact confidential defense and settlement information in its letter to TIG dated 02/25/2014, the deposition transcripts of Danias, Jones, Pash, Sinclare, Hatch, Campbell, Sampson, and Bentley, as well as the

652933/2012   DISCOVER PROPERTY & CASUALTY vs. NATIONAL FOOTBALL LEAGUE        Page 5 of 9
Motion No.  041

5 of 9

insurers' reply memorandum of law, John Hatch's supplemental affirmation, and the November 2013 email chain.  The disclosure of this information could adversely affect defendant's ability to effectively defend itself in future head injury claims where similar issues might be implicated.  (NYSCEF 1333, Decision & Order at 5 [mot. seq. nos. 031, 032].)  Courts have also held that good cause exists to seal settlement agreements which implicate nonparties as the disclosure of settlement information could infringe the privacy interests of such third parties.  (*See Spot & Co. of Manhattan, Inc. v. Rudin*, 2022 NY Slip Op 33980[U], *6 [Sup Ct, NY County 2022].)  Accordingly, these documents shall be sealed.

Personal identifying information

The NFL has also demonstrated good cause to redact personal identifying information in the deposition transcripts of Danias, Tagliabue, Pellman, Goodell, Hicks, Siclare, Mara, Murphy, Abitante, Hatch, and Campbell, as well as the August 17, 2010 email and November 2013 email chain.  There exists good cause to redact personal identifying information of third parties.  (*See Natixis Real Estate Capital Trust 2007-HE2 v. Natixis Real Estate Capital, Inc.,* 2023 NY Slip Op 50027[U], *2 [Sup Ct, NY County 2023] ["documents containing personal identifying information of nonparty borrowers should be sealed"].)  Accordingly, these documents shall be sealed.

Personal health information

The NFL has demonstrated good cause to redact personal health information in the deposition transcripts of Danias, Tagliabue, Pellman, Goodell, Hicks, Siclare, Murphy, Abitante, Rosand, Randolph, Castellani, and Barr. There exists good cause to redact personal medical information, which itself is not at issue in the litigation.  (*See*

652933/2012   DISCOVER PROPERTY & CASUALTY vs. NATIONAL FOOTBALL LEAGUE          Page 6 of 9
Motion No. 041

6 of 9

[* 6]

*Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v Fresenius Med. Care Holdings, Inc.,* 2021 WL 4841024, *2, 2021 NY Misc. LEXIS 54275, *3 [Sup Ct, NY County Oct. 13, 2021] [there exists "good cause to seal the nonparty medical information, which itself is not at issue in this litigation" (citation omitted)].) Accordingly, these documents shall be sealed.

Confidential financial information

Finally, the NFL has demonstrated good cause to redact confidential financial information in the deposition transcripts of Danias and Siclare. Records concerning financial information may be sealed where there has not been a showing of relevant public interest in the disclosure of that information. (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].) A party "ought not to be required to make their private financial information public ... where no substantial public interest would be furthered by public access to that information." (*D'Amour v Ohrenstein & Brown*, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U], *20 [Sup Ct, NY County 2007] [citations omitted].) Therefore, these documents shall be sealed.

Accordingly, it is

ORDERED that motion sequence number 041 is granted and the County Clerk, upon service of this order, shall seal NYSCEF 1394, 1395, 1396, 1397, 969, 1366, 1080, 1089, 1399, 1214, 1237, 1260, 1283, 1323, 1324, 1325, 1326, 1220, 1243, 1266, 1289, 833, 1342, 834, 1344, 835, 1346, 836, 1348, 837, 1350, 838, 1352, 839, 1354, 840, 1356, 841, 1358, 842, 1005, 1360, 844, 1362, 857, 1364, 987, 1368, 997, 1370, 1001, 1372, 1374, 1007, 1376, 1009, 1378, 1011, 1380 and 1393; and it is further

652933/2012 DISCOVER PROPERTY & CASUALTY vs. NATIONAL FOOTBALL LEAGUE Page 7 of 9
Motion No. 041

7 of 9

[* 7]

ORDERED the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that the NFL serve a copy of this order upon the Clerk of the Court and the Clerk of the General Clerk's Office in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial.

20240928214637AMASLEYAB4F794650C54B139FE11D23C133F8DC

**9/28/2024**
**DATE**

**ANDREA MASLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

652933/2012  DISCOVER PROPERTY & CASUALTY vs. NATIONAL FOOTBALL LEAGUE        Page 8 of 9
Motion No. 041

[* 8]

652933/2012   DISCOVER PROPERTY & CASUALTY vs. NATIONAL FOOTBALL LEAGUE          Page 9 of 9
Motion No.  041

[* 9]

9 of 9