## 1101-43 Ave Acquisition LLC v Sonder Hospitality USA Inc.

2024 NY Slip Op 33515(U)

September 28, 2024

Supreme Court, New York County

Docket Number: Index No. 653840/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

------------------------------------------------------------------------------------X

1101-43 AVE ACQUISITION LLC,

                    Plaintiff,

               - v -

SONDER HOSPITALITY USA INC., SONDER HOLDINGS
INC., SONDER USA, INC., and SONDER CANADA INC.,

                  Defendants.

------------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653840/2020 |
| MOTION DATE | |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 006) 190, 191, 192, 193, 194, 195, 196, 197, 198, 266, 269

were read on this motion to/for                   SEAL                 .

     In motion seq. no. 006, nonparty Taconic Capital Advisors L.P. moves to seal the Consolidated, Amended and Restated Mortgage, Assignment of Leases, Rents and Hotel Revenue, Security Agreement and Fixture Filing between borrower 101-43 Ave Acquisition LLC and lender Taconic (NYSCEF No. 194), a February 5, 2020 email from Adam Hochfelder to Eric Sitman attaching "Sonder - Z Hotel (NYC) Lease (FULLY EXECUTED) [1].pdf") (NYSCEF No. 195), a March 10, 2020 email from Chris Barbaruolo to James Jordan, Eric Sitman, and Erin Rota re: "FW: Z Hotel – Steps" (NYSCEF No. 196), and Exhibit 5 a transcript of the deposition of Eric Sitman, dated October 20, 2022 on the ground that these documents contain "highly sensitive, proprietary, and non-public commercial information about Taconic's assets, investments, liabilities, business strategies, and approach to contracts."  (NYSCEF 191, Taconic MOL at 1-2.)

**653840/2020   1101-43 AVE ACQUISITION LLC vs. SONDER HOSPITALITY USA INC.**
**Motion No.  006**

**Page 1 of 4**

1 of 4

Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:

"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."

Judiciary Law § 4 provides that judicial proceedings shall be public. "The public needs to know that all who seek the court's protection will be treated evenhandedly," and "[t]here is an important societal interest in conducting any court proceeding in an open forum." (*Baidzar Arkun v Farman-Farma*, 2006 NY Slip Op 30724[U], *2 [Sup Ct, NY County 2006] [citation omitted].) The public right of access, however, is not absolute. (*See Danco Lab, Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000].)

The "party seeking to seal court records bears the burden of demonstrating compelling circumstances to justify restricting public access" to the documents. (*Mosallem v Berenson*, 76 AD3d 345, 348-349 [1st Dept 2010] [citations omitted].) The movant must demonstrate good cause to seal records under Rule § 216.1 by submitting "an affidavit from a person with knowledge explaining why the file or certain documents should be sealed." (*Grande Prairie Energy LLC v Alstom Power, Inc.*, 2004 NY Slip Op 51156 [U], *2 [Sup Ct, NY County 2004].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Labs.*, 274 AD2d at 8.)

Courts have sealed records where trade secrets are involved or where the disclosure of documents "could threaten a business's competitive advantage."

653840/2020   1101-43 AVE ACQUISITION LLC vs. SONDER HOSPITALITY USA INC.
Page 2 of 4
Motion No.  006

2 of 4

[* 2]

(*Mosallem*, 76 AD3d at 350-351 [citations omitted].) Additionally, the First Department has affirmed the sealing of records concerning financial information where there has not been a showing of relevant public interest in disclosure of the financing. (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].)

However, wholesale sealing of the entire record is generally disfavored, even if both parties to the litigation request sealing. (*See Applehead Pictures LLC v Perelman*, 80 AD3d 181, 192 [1st Dept 2010] [citation omitted].) Taconic fails to meet its substantial burden of establishing good cause to entirely seal these documents. For example, there is no good cause to entirely seal the deposition transcript of Sitman as opposed to redacting the portions where negotiated terms of contracts and business models are discussed.

As far as the assertion that these documents were designated confidential, a confidentiality agreement by itself does not constitute a basis to seal and does not excuse a party from making a showing of good cause as to why certain information should be redacted or sealed. (*See Eccles v Shamrock Capital Advisors, LLC*, 2023 NY Slip Op 32730[U] ** 5 [Sup Ct, NY County 2023] [citation omitted].) At most such an agreement supports redaction. (*Id.*)

Taconic's motion to seal the above-listed documents is denied without prejudice, and leave is granted to refile an application to seal portions of those documents which contain sensitive business information. The movant shall comply with Part 48 procedures in this regard and any application shall also be accompanied by an affidavit

from a person with knowledge explaining why portions of the documents should be redacted.[1]

Accordingly, it is

ORDERED that the Taconic's motion to seal is denied without prejudice; and it is further

ORDERED that Taconic (or any party) has 10 days of receipt of this order to file a new Order to Show Cause in accordance with this decision, if so advised, or the County Clerk will be directed to unseal the documents at issue.

<u>9/28/2024</u>
DATE

20240928202540AMASLEY9F85B2BEFBAD40FA9B44380C04C825EA

ANDREA MASLEY, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[1] Taconic's motion is supported by its counsel's affirmation (NYSCEF 192, Schwartz aff) instead of an affidavit from a person with knowledge explaining why the file or certain documents should be sealed/redacted.

653840/2020   1101-43 AVE ACQUISITION LLC vs. SONDER HOSPITALITY USA INC.     Page 4 of 4
Motion No.  006