**Tollin v Verizon Communications Inc.**

2024 NY Slip Op 33516(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 653881/2024

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

DONALD A. TOLLIN, THE PAUL D. DEBBAN TRUST DATED 8/11/09, SENDY P MONGIELLO, and THE TREPPEL FAMILY TRUST UA 08-18-2018,

Plaintiffs,

- v -

VERIZON COMMUNICATIONS INC., HANS VESTBERG, MATTHEW ELLIS, JAMES GOWEN, ANTHONY SKIADAS, CLARENCE OTIS, SHELLYE L ARCHAMBEAU, ROXANNE S AUSTIN, MARK T BERTOLINI, VITTORIO COLAO, MELANIE L HEALEY, KYLE MALADY, LAXMAN NARASIMHAN, DANIEL SCHULMAN, RODNEY SLATER, CAROL TOME, GREGORY WEAVER, LOWELL MCADAM, CARRION RICHARD, FRANCES KEETH, and KATHERYN TESIJA,

Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653881/2024 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 13, 14, 15, 16, 17, 22, 23, 24, 25, 26, 27

were read on this motion to/for                                SEAL                                              .

In motion seq. no. 001, plaintiffs move to seal the unredacted copy of the complaint (NYSCEF 2), the affirmation of Daniel Tepper, Esq. in Support of Application for Sealing Order (NYSCEF 5), the proposed sealing order (NYSCEF 6), the unredacted copy of the complaint with proposed redactions (NYSCEF 7), and a Confidentiality and Non-Disclosure Agreement (NYSCEF 8) pending argument on this OSC. Essentially, plaintiffs brought this motion to allow defendants an opportunity to review the complaint for any information they believe should be sealed. In response, nominal defendant Verizon Communications Inc. submitted an affirmation of counsel in support of plaintiffs'

application (NYSCEF 26) and a proposed redacted complaint (NYSCEF 27).[1] Verizon asserts that the information redacted pertains to non-public board materials, meeting minutes, and other confidential, commercially sensitive information.

Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:

> "(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."

Judiciary Law § 4 provides that judicial proceedings shall be public. "The public needs to know that all who seek the court's protection will be treated evenhandedly," and "[t]here is an important societal interest in conducting any court proceeding in an open forum." (*Baidzar Arkun v Farman-Farma*, 2006 NY Slip Op 30724[U], *2 [Sup Ct, NY County 2006] [citation omitted].) The public right of access, however, is not absolute. (*See Danco Lab, Ltd. v Chemical Works of Gedeon Richter, Ltd.,* 274 AD2d 1, 6 [1st Dept 2000].)

The "party seeking to seal court records bears the burden of demonstrating compelling circumstances to justify restricting public access" to the documents. (*Mosallem v Berenson*, 76 AD3d 345, 348-349 [1st Dept 2010] [citations omitted].) The movant must demonstrate good cause to seal records under Rule § 216.1 by submitting

---

[1] This action was originally assigned to the Hon. Anar Rathod Patel and transferred to Part 48 as related to *In re Verizon Communications, Inc: Derivative Litigation*, Index No. 650730/2024. Therefore, the court will review this application despite the fact that it does not fully comply with Part 48 Procedures.

**653881/2024 DONALD A. TOLLIN ET AL vs. VERIZON COMMUNICATIONS INC. ET AL** **Page 2 of 4**
**Motion No. 001**

"an affidavit from a person with knowledge explaining why the file or certain documents should be sealed." (*Grande Prairie Energy LLC v Alstom Power, Inc.*, 2004 NY Slip Op 51156 [U], *2 [Sup Ct, NY County 2004].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Labs.*, 274 AD2d at 8.)

Courts have sealed records where trade secrets are involved or where the disclosure of documents "could threaten a business's competitive advantage." (*Mosallem*, 76 AD3d at 350-351 [citations omitted].) Additionally, the First Department has affirmed the sealing of records concerning financial information where there has not been a showing of relevant public interest in disclosure of the financing. (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].) Further, materials "involve[ing] closely guarded information about current or future business plans or strategies, the disclosure of which likely would provide an advantage to a competitor." (*Cortlandt St. Recovery Corp. v Bonderman*, 71 Misc 3d 908, 910 [Sup Ct, NY County 2021] [citation omitted].)

Here, Verizon has demonstrated good cause to redact the complaint. However, as to the affirmation of Daniel Tepper, Esq. (NYSCEF 5), the proposed sealing order (NYSCEF 6), and a Confidentiality and Non-Disclosure Agreement, no good cause to seal these documents has been shown.

ORDERED that motion sequence number 001 is granted and the County Clerk, upon service of this order, shall seal NYSCEF 2 and 7 (unredacted complaint with proposed highlighted redactions); and it is further

ORDERED that the County Clerk is directed to unseal NYSCEF 5, 6, and 8; and it is further

ORDERED the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that movants serve a copy of this order upon the Clerk of the Court and the Clerk of the General Clerk's Office in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial.

| | | |
|---|---|---|
| **9/30/2024** | | |
| **DATE** | | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |