**Moore Charitable Found. v PJT Partners, Inc.**

2024 NY Slip Op 34544(U)

December 19, 2024

Supreme Court, New York County

Docket Number: Index No. 654584/2017

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 49M

----------------------------------------------------------------------------X

THE MOORE CHARITABLE FOUNDATION, KENDALL
JMAC, LLC,

                                   Plaintiffs,

                          - v -

PJT PARTNERS, INC.,PARK HILL GROUP,
LLC,ANDREW W.W. CASPERSEN

                              Defendants.

----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654584/2017 |
| **MOTION DATE** | 06/20/2024, 07/01/2024 |
| **MOTION SEQ. NO.** | 002 003 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 191, 192, 193, 194, 195, 196, 197, 198, 200, 216, 217, 218, 219
were read on this motion to/for                 SEAL                          .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 209, 210, 211, 212, 213, 214, 227, 228, 230, 231
were read on this motion to/for                 SEAL                          .

     This action arises from an alleged fraudulent scheme perpetrated by defendant Andrew Caspersen against the plaintiffs during his tenure with defendants PJT Partners, Inc. (PJT) and Park Hill Group LLC (Park Hill, and together with PJT, the PJT defendants). The parties recently stipulated to discontinue this action (NYSCEF #s 238, 239). Pursuant to those stipulations, this case is discontinued with prejudice against the PJT defendants and without prejudice against Caspersen.

     However, two motions remain outstanding: the PJT defendants' two motions to seal and redact various documents filed in support of two different Rule 14 disputes. In the first motion (MS 002), they ask to seal and redact plaintiffs' June 13, 2024 letter opposing the PJT defendants' request for a protective order to bar the deposition of PJT CEO Paul Taubmann (June 13 Letter) (NYSCEF # 181), Exhibits 2 through 5 to that letter (NYSCEF #s 183-186, 195-198), and the brief and affirmations in support of this motion (NYSCEF #s 192-194). In the second motion (MS 003), the PJT defendants ask to redact Exhibits 1, 2, and 3 to plaintiff's June 24, 2024 letter opposing certain discovery request (June 24th Letter) (NYSCEF #s 202-204, 212-214).

**654584/2017  MOORE CHARITABLE vs. PJT PARTNERS, INC.**
**Motion No.  002 003**
                                           Page 1 of 4

1 of 4

[* 1]

Plaintiffs' June 13 Letter opposes the PJT defendants' request to bar the deposition of Park Hill CEO Paul Taubman (NYSCEF # 181). The PJT defendants request redactions to this letter. They did not actually file a document showing their requested redactions, but given that plaintiffs filed the letter with redactions already (*see id.*), presumably the PJT defendants are asking that those redactions be upheld. The redacted portions contain information from the exhibits filed in support, including Exhibits 2 through 5, which are at issue in the first motion to seal.

Exhibit 2 to the June 13th Letter consists of a "copy of the PJT Defendants' 'Supervisory and Compliance Procedures'" dated December 9, 2014 (Compliance Manual) (*see* NYSCEF #s 183, 195). The PJT defendants claim the Compliance Manual "contains propriety business information about the PJT Defendants' internal compliance framework," much of which is "still largely applicable today" (NYSCEF # 192, PJT Defs. Br. in Support MS 002, at 3).

Exhibits 3, 4, and 5 to the June 13th Letter (NYSCEF #s 184-186, 196-198) consist of communications between one of the PJT defendants and the SEC regarding an SEC examination of the PJT defendants' "compliance process and practices" in 2016 and 2017 (the SEC Communications) (*see* NYSCEF # 192, PJT Defs. Br. in Support MS 002, at 3). The PJT defendants argue that the information contained within was never publicly disclosed by the SEC, and doing so now "could disrupt the PJT Defendants' business relationships with present and future clients, potentially causing the PJT Defendants competitive harm" (*id.*). The PJT defendants also claim the documents "contain confidential proprietary information concerning the PJT Defendants' internal compliance processes, which could damage the PJT Defendants' competitive standing" (*id.*). Finally, the PJT defendants argue that the documents were filed for an improper purpose, namely, to retaliate against the PJT defendants for filing certain Rule 14 letters in this action (*id.* at 6).

As for Exhibits 1, 2, and 3 to the June 24 Letter, these documents consist of discovery responses (the Discovery Responses) (NYSCEF #s 202-204, 212-214). Exhibit 1 consists of PJT defendants' responses and objections to plaintiff's third set of interrogatories (*see* NYSCEF #s 202, 212). Exhibit 2 consists of the PJT defendants responses and objections to plaintiffs' second requests for admissions (NYSCEF #s 203, 213). Exhibit 3 consists of the PJT defendants' responses and objections to plaintiffs' second request for the production of documents (NYSCEF #s 204, 214). Each exhibit is currently redacted on NYSCEF. The PJT defendants ask to keep these redactions because the redacted materials "quote from or paraphrase the PJT Defendants' confidential communications with the SEC that are the subject of the [first sealing motion, MS 002]" (NYSCEF # 210, PJT Defs' Br. in Support of MS 003, at 2). The PJT defendants further argue that the relevant Rule 14 letter did not concern the portions quoting the confidential communications from the SEC (*id.*).

**654584/2017   MOORE CHARITABLE vs. PJT PARTNERS, INC.**
**Motion No.  002 003**

Page 2 of 4

2 of 4

Upon review of the documents sought to be sealed and the proposed redactions, which pertain to proprietary business information and are of minimal public interest, the court finds that good cause exists for sealing and redacting plaintiff's SJ Opp. Memo and Exhibits F-J under 216.1 of the Uniform Rules of Trial Courts (*see Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992] [sealing is warranted in the absence of "any legitimate public concern, as opposed to mere curiosity, to counter-balance the interest [a business'] partners and clients have in keeping their financial arrangements private"]; *D'Amour v Ohrenstein & Brown, LLP*, 17 Misc 3d 1130[A], *20 [Sup Ct, NY County 2007] ["Sealing a court file may be appropriate to preserve the confidentiality of materials which involve the internal finances of a party and are of minimal public interest"]).

Accordingly, it is

ORDERED that the PJT defendants' motion to seal and redact plaintiffs' June 13, 2024 Rule 14 Letter and Exhibits 2, 3, 4, and 5 to that letter and the PJT defendants' briefs and affirmations in support of this motion (NYSCEF #s 181, 183-186, 192-198) is granted (MS 002); and it is further

ORDERED that the Clerk of the Court is directed, upon service upon the clerk of a copy of this Decision and Order with notice of entry, to seal plaintiffs' June 13, 2024 Rule 14 Letter and Exhibits 2, 3, 4, and 5 to that letter and the PJT defendants' briefs and affirmations in support of this motion (NYSCEF #s 181, 183-186, 192-198); and it is further

ORDERED that the PJT defendants' motion to seal and redact Exhibits 1, 2, and 3 to plaintiff's June 24, 2024 letter and the PJT defendants' briefs and affirmations in support of this motion (NYSCEF #s 202-204, 210, 211, 212-214) is granted (MS 003); and it is further

ORDERED that the Clerk of the Court is directed, upon service upon the clerk of a copy of this Decision and Order with notice of entry, to seal Exhibits 1, 2, and 3 to plaintiff's June 24, 2024 letter and the PJT defendants' briefs and affirmations in support of this motion (NYSCEF #s 202-204, 210, 211, 212-214); and it is further

ORDERED that until further order of the court, the Clerk of the Court shall deny access to the above documents (NYSCEF #s 181, 183-186, 192-198, 202-204, 210, 211, 212-214), to anyone (other than the staff of the Clerk or the court) except for counsel of record for any party to this action, any party, and any representative of the counsel of record for a party upon presentation to the County Clerk of written authorization from said counsel and appropriate identification; and it is further

ORDERED that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County

**654584/2017   MOORE CHARITABLE vs. PJT PARTNERS, INC.**
**Motion No.  002 003**

**Page 3 of 4**

[* 3]

3 of 4

Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nvcourts.gov/supctmanh).

___12/19/2024___
**DATE**

_MARGARET A. CHAN, J.S.C._

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654584/2017   MOORE CHARITABLE vs. PJT PARTNERS, INC.**
**Motion No.  002 003**

**Page 4 of 4**

4 of 4