**Total Asset Recovery Servs. LLC v Metlife, Inc.**

2025 NY Slip Op 31713(U)

May 10, 2025

Supreme Court, New York County

Docket Number: Index No. 115336/2010

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

----------------------------------------------------------------------------------X

TOTAL ASSET RECOVERY SERVICES LLC, ON
BEHALF OF THE STATE OF NEW YORK,

|  | | |
|---|---|---|
| **INDEX NO.** | | 115336/2010 |

Plaintiff,

|  | | |
|---|---|---|
| **MOTION DATE** | | - |

- v -

|  | | |
|---|---|---|
| **MOTION SEQ. NO.** | | 029 |

METLIFE, INC. AND ITS SUBSIDIARIES AND
AFFILIATES, METROPOLITAN LIFE INSURANCE
COMPANY, PRUDENTIAL FINANCIAL, INC., AND ITS
SUBSIDIARIES AND AFFILIATES, THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA, PRUDENTIAL
INSURANCE AGENCY, LLC, AXA FINANCIAL, INC.,
D/B/A AXA GROUP INC., AND ITS SUBSIDIARIES AND
AFFILIATES, AXA EQUITABLE FINANCIAL SERVICES,
LLC,AXA EQUITABLE LIFE INSURANCE COMPANY,
GENWORTH FINANCIAL, INC., AND ITS SUBSIDIARIES
AND AFFILIATES, GENWORTH LIFE INSURANCE
COMPANY OF NEW YORK, THE GUARDIAN LIFE
INSURANCE COMPANY OF AMERICA, AND ITS
SUBSIDIARIES AND AFFILIATES, THE GUARDIAN
INSURANCE & ANNUITY COMPANY, INC, JOHN
HANCOCK LIFE INSURANCE COMPANY (U.S.A.), JOHN
HANCOCK LIFE INSURANCE COMPANY OF NEW
YORK, JOHN HANCOCK LIFE & HEALTH INSURANCE
COMPANY, MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY, D/B/A MASSMUTUAL
FINANCIAL GROUP, D/B/A MASSMUTUAL, AND ITS
SUBSIDIARIES AND AFFILIATES, NEW YORK LIFE
INSURANCE COMPANY, AND ITS SUBSIDIARIES AND
AFFILIATES, NEW YORK LIFE INSURANCE AND
ANNUITY CORPORATION, D/B/A NEW YORK LIFE,
TEACHERS INSURANCE AND ANNUITY ASSOCIATION
OF AMERICA, D/B/A TEACHERS INSURANCE AND
ANNUITY, ASSOCIATION - COLLEGE RETIREMENT
EQUITIES FUND (TIAA-CREF), AND ITS SUBSIDIARIES
AND AFFILIATES, TIAA-CREF LIFE INSURANCE
COMPANY, and JOHN DOES 23 - 100,

**DECISION + ORDER ON
MOTION**

Defendants.

----------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 029) 564, 565, 566, 567,
568, 569, 572, 574, 575, 576, 577, 578, 580

were read on this motion to/for _____ SEAL _____ .

In motion sequence number 029, defendants Genworth Financial, Inc. and Genworth Life Insurance Company of New York (together, Genworth Defendants) move pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to redact NYSCEF Doc. No. (NYSCEF) 550 and 567, an email chain between Genworth Financial, Inc. and nonparty Verus Financial LLC, which plaintiff Total Asset Recovery Services, LLC (TARS) filed in support of its motion to compel (seq. no. 028).[1, 2, 3] The email was quoted in TARS' brief in support of its motion to compel (NYSCEF 556, 557, 559, 560). The Genworth Defendants seek to redact all portions of the email chain, except for one sentence quoted in TARS' brief, on the ground that the email chain

> "contains confidential and sensitive business information, including communications with a third-party regarding the Genworth Defendants' policies and procedures regarding a number of unclaimed property topics, including policies for addressing returned mail items, processing notifications of the death of insureds, and initiating escheatment of unclaimed policy proceeds." (NYSCEF 565, Anthony[4] aff ¶ 6.)

The motion is unopposed.

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has

---

[1] The Genworth Defendants failed to seek a temporary restraining order to seal NYSCEF 550 and 567 pending the court's decision on this motion. (*See* NYSCEF 572, OSC.)

[2] The public copy with the Genworth Defendants' proposed redactions is filed at NYSCEF 568.

[3] The parties are reminded that placeholders, such as NYSCEF 551, shall not be used instead of exhibits. (Part 48 Procedures ¶ 6[G].)

[4] Cody Anthony is the Genworth Defendants' counsel. (NYSCEF 565, Anthony aff ¶ 1.)

[* 2]

been limited by numerous statutes." (*Id.* at 349.) One such provision is section 216.1 (a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause. It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (Uniform Rules for Trial Cts [22 NYCRR] § 216.1.)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].) Further, in the business context, courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage." (*Mosallem*, 76 AD3d at 350 [citations omitted].) Records concerning financial information may be sealed where there has not been a showing of relevant public interest in the disclosure of that information. (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].) A party "ought not to be required to make their private financial information public ... where no substantial public interest would be furthered by public access to that information." (*D'Amour v Ohrenstein & Brown*, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U], *20 [Sup Ct, NY County 2007] [citations omitted].)

115336/2010   TOTAL ASSET RECOVERY vs. METLIFE, INC.
Motion No. 029

Page 3 of 5

3 of 5

[* 3]

**Discussion**

The Genworth Defendants demonstrated good cause to redact the email chain as proposed to shield confidential business information such as discussions concerning the Genworth Defendants' internal policies and procedures. There is no indication of substantial public interest in the disclosure. Moreover, the portion of the email chain upon which TARS relies in its brief will remain unredacted.

Accordingly, it is

ORDERED that motion sequence number 029 is granted; and it is further

ORDERED that the County Clerk, upon service of this order, is directed to seal NYSCEF 550 and 567; and it is further

ORDERED that the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that movants shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

115336/2010   TOTAL ASSET RECOVERY vs. METLIFE, INC.                                    Page 4 of 5
  Motion No.  029

4 of 5

[* 4]

ORDERED that this order does not authorize sealing or redacting for purposes of

trial or other court proceedings on the record, e.g., arguments on motions.

| | |
|---|---|
| **5/10/2025** | |
| **DATE** | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**115336/2010   TOTAL ASSET RECOVERY vs. METLIFE, INC.**
**Motion No.  029**

Page 5 of 5

[* 5]