| **Dow Jones & Co., Inc v Cision US Inc.** |
|:---:|
| 2025 NY Slip Op 31726(U) |
| May 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 653538/2024 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

------------------------------------------------------------------------------------X

DOW JONES & COMPANY, INC.,

                    Plaintiff,

              - v -

CISION US INC.,

                   Defendant.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653538/2024 |
| **MOTION DATE** | - |
| **MOTION SEQ. NO.** | 003 005 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 42, 43, 44, 45, 46, 48
were read on this motion to/for                   LEAVE TO FILE              .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 55, 56, 57, 58, 59, 61, 62, 63, 64
were read on this motion to/for                     SEAL              .

In motion sequence number 003, plaintiff Dow Jones & Company, Inc. (Dow Jones) moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to redact its pre-conference letter (NYSCEF Doc. No. [NYSCEF] 44)[1] to the extent the letter discusses terms of an agreement between Dow Jones and nonparty OpenAI.

In motion sequence number 005, Dow Jones moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to seal an Information Provider Agreement between nonparty The Globe & Mail Inc. and nonparty Factiva Limited, an affiliate of Dow Jones (NYSCEF 58).

---

[1] The public version with Dow Jones' proposed redactions is filed at NYSCEF 45.

**653538/2024   DOW JONES & COMPANY, INC. vs. CISION US INC.**           **Page 1 of 5**
**Motion No.  003 005**

Both motions are unopposed.

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].)  The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerous statutes."  (*Id.* at 349.)  One such provision is section 216.1 (a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause.  It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof.  In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.  Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (Uniform Rules for Trial Cts [22 NYCRR] § 216.1.)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].)  Good cause must "rest on a sound basis or legitimate need to take judicial action."  (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].)

Further, in the business context, courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage."  (*Mosallem*, 76 AD3d at 350 [citations omitted].)  Records concerning financial information may be sealed where there has not been a showing of relevant public interest in the disclosure of that information.  (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].)

653538/2024   DOW JONES & COMPANY, INC. vs. CISION US INC.
Motion No.  003 005

Page 2 of 5

A party "ought not to be required to make their private financial information public ... where no substantial public interest would be furthered by public access to that information." (*D'Amour v Ohrenstein & Brown*, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U], *20 [Sup Ct, NY County 2007] [citations omitted].)

**Discussion**

Mot. Seq. No. 003

Dow Jones maintains that its agreement with OpenAI is a "highly-confidential agreement," and the provisions of the agreement discussed in the pre-conference letter "constitute confidential business information maintained by Dow Jones and the non-parties in confidence and not provided to the general public or otherwise available to the public." (NYSCEF 46, Kattan[2] aff ¶ 4.)

Dow Jones has demonstrated good cause to redact the pre-conference letter as proposed as disclosure of the selected terms of the agreement would reveal certain aspects of the business strategies of Dow Jones and the nonparties and would threaten their competitive advantage. The motion is granted.

Mot. Seq. No. 005

Dow Jones explains that defendant Cision US Inc. (Cision) informed Dow Jones of its intent to file an application for letters rogatory to seek discovery from The Globe and Mail, Inc., which would discuss or quote from the Information Provider Agreement. (NSYCEF 66, Kattan aff ¶¶ 3-4.) Dow Jones seeks to redact the portions of Cision's forthcoming application referencing the Information Provider Agreement.[3]

---

[2] Justin N. Kattan is Dow Jones' counsel. (NSYCEF 46, Kattan aff ¶ 1.)
[3] The application for letters rogatory has since been filed and assigned sequence no. 006.

Wholesale sealing of the Information Provider Agreement, filed in connection with this motion, is not warranted. The agreement is replete with terms that on their face are not business-sensitive, such as the parties' administrative contacts and sections entitled language, entire agreement, and amendment. Dow Jones fails to establish good cause to seal information not business-sensitive on its face. Moreover, wholesale sealing is generally disfavored. (*See Applehead Pictures LLC v Perelman*, 80 AD3d 181, 192 [1st Dept 2010] [citation omitted].) The court will, however, permit the Information Provider Agreement to remain under seal at this time. No party is authorized to seal the Information Provider Agreement or any references thereto, however, if re-filed on the docket in connection with any motion or otherwise or relied upon. Instead, if any party is so advised, that party shall make a motion to redact.

Dow Jones' motion to redact the portions of Cision's application for letters rogatory referencing the Information Provider Agreement is denied without prejudice. The court cannot be left to guess which portions of which documents filed by Cision Dow Jones wishes to redact. Dow Jones may renew its application identifying specific portion of Cision's application that Dow Jones seeks to redact.

Accordingly, it is

ORDERED that motions sequence 003 is granted; and it is further

ORDERED that motion sequence 005 is denied; and it is further

ORDERED that the County Clerk, upon service of this order, is directed to seal NYSCEF 44 and 58; and it is further

ORDERED that the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties

653538/2024   DOW JONES & COMPANY, INC. vs. CISION US INC.
Motion No.  003 005

Page 4 of 5

4 of 5

[* 4]

and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that movant shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial or other court proceedings on the record, e.g., arguments on motions.

20250510165818AMASLEYF4FDE2A0CA764FE93B07A68CC3255A3F

| 5/10/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ANDREA MASLEY, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**653538/2024   DOW JONES & COMPANY, INC. vs. CISION US INC.**
**Motion No.  003 005**

**Page 5 of 5**