Broadway EB-5 Fund, LLC v Ready Capital Corp. (2025 NY Slip Op 51528(U))

[*1]

Broadway EB-5 Fund, LLC v Ready Capital Corp.

2025 NY Slip Op 51528(U)

Decided on September 26, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 26, 2025
Supreme Court, New York County

Broadway EB-5 Fund, LLC, Plaintiff,

against
Ready Capital Corporation, BRMK LENDING SPE JP, LLC, SUTHERLAND ASSET I, LLC, BDC/WASHINGTON ST. HOLDINGS, LLC, BDC/WASHINGTON ST. SUB-HOLDINGS, LLC, BDC/WASHINGTON STREET, LLC, BDC/BLOCK 216 OFFICE, LLC, BDC/BLOCK 216 HOTEL, LLC, BDC/BLOCK 216 RESIDENTIAL, LLC, BDC REAL ESTATE INVESTMENTS, LLC, BOWEN PROPERTY MANAGEMENT CO. D/B/A WCB COMMERCIAL PROPERTIES, WALTER C. BOWEN, Defendants.

Index No. 651523/2025

Robert R. Reed, J.

This is an action involving a real estate development project located at 900-936 SW Washington Street, Portland, Oregon 97205. Plaintiff is the mezzanine lender, and defendants are developer borrowers. Plaintiff purportedly provided financing for the project in the principal amount of $49 million and holds as collateral an indirect ownership interest in the project. This action was commenced to address defendants purported actions of seeking to foreclose and render valueless plaintiff's interest in the project (complaint, NYSCEF doc. no. 001).
In motion sequence 003, defendants request leave for the permanent sealing of two exhibits submitted in opposition to plaintiff's motion to enjoin the transfer of property (mot. seq. no. 001). No opposition to the motion to seal was filed.
Patrick Driscoll, Director of Ready Capital Corporation, submits an affirmation that requests that certain exhibits, submitted in opposition to plaintiff's order to show cause to enjoin the transfer of property (mot. seq. no. 001), be permitted to remain under seal with leave for Ready to file duplicate documents with redactions on the public docket (NYSCEF doc. no. 100). Driscoll submits that the information redacted involves proprietary and sensitive information that addresses residential and commercial lease terms, reflects business strategies, and identifies internal financial metrics used in ongoing business negotiations (id. at para. 5). Driscoll submits that the redacted material is irrelevant for the litigation, and not necessary for the court's consideration of the injunction motion (id.). Driscoll requests that the information be redacted, and the unredacted version of the document sealed, to avoid use of the information by [*2]prospective residential and commercial tenants who seek to undermine Ready's ability to negotiate competitive lease terms (id. at 14).
Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:
"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."
Thus, sealing has been found to be appropriate to preserve the confidentiality of materials which involve internal finances of a party which are of minimal public interest (see D'Amour v Ohrenstein & Brown, LLP, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U] [NY Sup Ct. NY County 2007]). In the business context, courts permit records to be sealed when trade secrets are involved or when disclosure of information contained in documents "could threaten a business's competitive advantage" (Mosallem v Berenson, 76 AD3d 345, 350-351 [1st Dept 2010]).
Here, the court is satisfied that the affirmation of Patrick Driscoll, establishes that the documents sought to be protected from public viewing, pose a potential threat to Ready's competitive advantage that outweighs the public's right to the information (Dawson v White & Case, 184 AD2d 246, 247 [1st Dept 1992] [sealing has been allowed in the absence of legitimate public concern to counterbalance the interest of partners and clients in keeping their financial arrangement private]). The court cannot find a legitimate public concern that warrants denial of the instant motion.
Accordingly, it is hereby
ORDERED that the Clerk of the Court is directed, upon service on him of a copy of this order with notice of entry, to seal NYSCEF doc. nos. 067 and 068;
ORDERED that thereafter, or until further order of the court, the Clerk of the Court shall deny access to the said sealed papers to anyone (other than the staff of the Clerk or the court) except for counsel of record for any party to this case, any party, and any representative of counsel of record for a party upon presentation to the County Clerk of written authorization from said counsel and appropriate identification; and it is further
ORDERED that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website)]; and it is further
ORDERED that in consideration of the notice of discontinuance filed on July 22, 2025 (NYSCEF doc. no. 111), this action is hereby marked disposed.
DATE September 26, 2025
ROBERT R. REED, J.S.C.