**United Launch Alliance, LLC v L3Harris Cincinnati Elecs. Corp.**

2025 NY Slip Op 30407(U)

January 30, 2025

Supreme Court, New York County

Docket Number: Index No. 653704/2024

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

------------------------------------------------------------------------------------X

UNITED LAUNCH ALLIANCE, LLC,

                                 Plaintiff,

                         - v -

L3HARRIS CINCINNATI ELECTRONICS CORPORATION,
F/K/A L-3 COMMUNICATIONS CINCINNATI
ELECTRONICS CORPORATION AND D/B/A SYSTEMS
COMPANY OF L3 TECHNOLOGIES, L3HARRIS
TECHNOLOGIES, INC., and L3 TECHNOLOGIES INC.,

                                 Defendants.

------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653704/2024 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for                        SEAL                    .

In motion sequence 003, plaintiff moves pursuant to the Uniform Rules of the

New York State Trial Courts (22 NYCRR) § 216.1 to seal five exhibits to the complaint,

namely, (i) Long Term Alliance Agreement (NYSCEF Doc. No. [NYSCEF] 51) and

subsequent "additional contracts related to the design, development, and manufacture

of the [inertial measurement unit] and other avionics components", namely, (ii)

Development Contract (NYSCEF 52), (iii) Memorandum of Understanding (NYSCEF

53), (iv) Block Buy Contract (NYSCEF 54), and (v) Terms and Conditions (NYSCEF 55).

(NYSCEF 50, Garth Englund III[1] aff ¶ 9.)

Plaintiff also seeks to redact exhibits eight through ten, namely, (viii) plaintiff's

Default Notice (NYSCEF 58 & 59), (ix) defendant L3Harris Technologies, Inc.'s

---

[1] Englund is plaintiff's Senior Leader for Major Subcontracts, Avionics, and Launch
Operations.  (NYSCEF 50, Englund aff ¶ 1.)

**653704/2024   UNITED LAUNCH ALLIANCE, LLC vs. L3HARRIS CINCINNATI ELECTRONICS
CORPORATION, F/K/A L-3 COMMUNICATIONS CINCINNATI ELECTRONICS CORPORATION
AND D/B/A SYSTEMS COMPANY OF L3 TECHNOLOGIES ET AL
Motion No.  003**

                       **Page 1 of 6**

[* 1]

response thereto (NYSCEF 60 & 61), and (x) the termination notice (NYSCEF 62 & 63).[2]

The motion is unopposed by defendant L3 Technologies, Inc.  Defendants L3Harris Cincinnati Electronics Corporation and L3 Harris Technologies, Inc. stipulated to the relief sought.  (NYSCEF 64, Stipulation.)  There is no indication that the press or public have an interest in this matter.

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records."  (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].)  The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerus statutes."  (*Id.* at 349.)  One of those statutes is section 216.1 (a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause.  It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof.  In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.  Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard."  (Uniform Rules for Trial Cts [22 NYCRR] § 216.1.)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents.

---

[2] Plaintiff filed all ten exhibits to the complaint in connection with this motion "to ensure all exhibits to the Complaint are filed together."  (NYSCEF 50, Englund aff at 1 n 1.) Plaintiff is not moving to seal or redact exhibits six or seven.

**653704/2024   UNITED LAUNCH ALLIANCE, LLC vs. L3HARRIS CINCINNATI ELECTRONICS CORPORATION, F/K/A L-3 COMMUNICATIONS CINCINNATI ELECTRONICS CORPORATION AND D/B/A SYSTEMS COMPANY OF L3 TECHNOLOGIES ET AL Motion No.  003**

**Page 2 of 6**

(*Mosallem*, 76 AD3d at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].)

In the business context, courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage." (*Mosallem*, 76 AD3d at 350 [citations omitted].) Records concerning financial information may be sealed where there has not been a showing of relevant public interest in the disclosure of that information. (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].) A party "ought not to be required to make their private financial information public ... where no substantial public interest would be furthered by public access to that information." (*D'Amour v Ohrenstein & Brown*, 17 Misc 3d 1130 [A], 2007 NY Slip Op 52207[U], *20 [Sup Ct, NY County 2007] [citations omitted].)

A confidentiality agreement entered for purposes of exchanging information does not constitute good cause to seal. Rather, it demonstrates the steps taken to protect confidential information and can lend support to an argument for redacting. (*See Linkable Networks, v Mastercard Inc.*, 75 Misc 3d 1231[A], *3 [Sup Ct, NY County 2022].) Parties may designate information as confidential, but it is another matter whether the information can be shielded from the public. In sum, a confidentiality agreement does not excuse the parties "from making a showing of good cause why certain information should be redacted." (*See Eccles v Shamrock Capital Advisors, LLC*, 2023 NY Slip Op 32730[U], *5 [Sup Ct, NY County 2023].)

**653704/2024   UNITED LAUNCH ALLIANCE, LLC vs. L3HARRIS CINCINNATI ELECTRONICS CORPORATION, F/K/A L-3 COMMUNICATIONS CINCINNATI ELECTRONICS CORPORATION AND D/B/A SYSTEMS COMPANY OF L3 TECHNOLOGIES ET AL Motion No.  003**

**Page 3 of 6**

3 of 6

## Discussion

Sealing

Englund explains that sealing the contracts between the parties (i.e. the first five exhibit to the complaint) is necessary to protect commercially sensitive and proprietary information. (NYSCEF 50, Englund aff ¶ 7.) Specifically, he states that Long Term Alliance Agreement details plaintiff's "commercially-sensitive and proprietary information and the Parties' competitively-sensitive expectations of their future business dealings, including anticipated future payment structures; flight hardware deliverables; engineering, design, and manufacturing processes and services; projected project pricing and investment schedules; and confidential ground rules and assumptions." (*Id.*) Englund explains that the remaining contracts (i.e., exhibits two through five) likewise

> "contain the Parties' confidential and proprietary information and business strategies, dealings, and agreements, including details of their agreed-upon avionics hardware deliverables, the timeline and procedures for the development and manufacture of that hardware, competitively-sensitive pricing and other financial information related to the development and manufacture of the hardware, and the terms and conditions with which the Parties agreed to comply. The Terms and Conditions additionally contain specific provisions and exceptions applicable to the Parties' Contracts with each other, which, in some instances, are different from the terms and conditions applicable to [plaintiff]'s contracts with others." (*Id.* ¶ 10.)

Englund avers that disclosure of these contracts would harm plaintiff's competitive advantage:

> "Keeping Exhibits 1-5 confidential is a critical component of the Parties' business dealings and important to maintaining [plaintiff]'s competitive position in the marketplace. [Plaintiff] often awards work on its launch vehicle projects through a competitive bidding process, which requires suppliers, like [defendant] and others, to submit competitive proposals to secure the work. Allowing other suppliers and launch vehicle manufacturers to access the terms of the Parties' business dealings and Contracts, including as reflected in Exhibits 1-5, could undercut the competitive process, harm [plaintiff]'s competitive bidding

**653704/2024   UNITED LAUNCH ALLIANCE, LLC vs. L3HARRIS CINCINNATI ELECTRONICS CORPORATION, F/K/A L-3 COMMUNICATIONS CINCINNATI ELECTRONICS CORPORATION AND D/B/A SYSTEMS COMPANY OF L3 TECHNOLOGIES ET AL**
**Motion No.  003**

**Page 4 of 6**

[* 4]

objectives, and give [plaintiff]'s competitors an unearned business advantage in future business endeavors.

Further, due to the small community of suppliers and launch vehicle manufacturers in aerospace industry, the public exposure of the Parties' competitively and commercially-sensitive arrangements, including the hardware development and manufacturing processes and related pricing and financial information, would threaten the Parties' ability to negotiate with other companies in the future." (*Id.* ¶¶ 12-13.)

The court finds that plaintiff has demonstrated good cause to seal exhibits one through five to the complaint in the entirety, as disclosure of such information would threaten plaintiff's competitive advantage. (See *Mosallem*, 76 AD3d at 350.) Additionally, although as discussed *supra* the parties' agreement to keep the contracts confidential (NYSCEF 50, Englund aff ¶¶ 8, 11) does not constitute good cause to seal, such agreement supports the argument for sealing. The branch of motion seeking sealing is granted.

Redacting

In the default notice, plaintiff seeks to redact a chart detailing the delivery schedule, which includes name of product, delivery date, and price. In the response thereto and default notice, plaintiff seeks to redact financial amounts. Plaintiff has demonstrated good cause to redact these documents as proposed. Disclosure of the sensitive deliverable and pricing information would threated plaintiff's competitive advantage.[3] The branch of motion seeking redactions is granted.

Accordingly, it is

---

[3] Plaintiff is reminded that confidential chambers copies shall include proposed redactions highlighted yellow. (*See* Part 48 Procedures ¶ 10 [C][i].) The confidential chambers copies field with this motion (NYSCEF 59, 61, 63) include no highlights.

**653704/2024 UNITED LAUNCH ALLIANCE, LLC vs. L3HARRIS CINCINNATI ELECTRONICS**      **Page 5 of 6**
**CORPORATION, F/K/A L-3 COMMUNICATIONS CINCINNATI ELECTRONICS CORPORATION**
**AND D/B/A SYSTEMS COMPANY OF L3 TECHNOLOGIES ET AL**
**Motion No. 003**

ORDERED that the motion is granted, and the County Clerk is directed to seal NYSCEF 51, 52, 53, 54, 55, 59, 61, and 63; and it is further

ORDERED the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that plaintiff shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the *Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial or other court proceedings on the record, e.g., arguments on motions.

| **1/30/2025** | | **ANDREA MASLEY, J.S.C.** |
|---|---|---|
| **DATE** | | |

| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653704/2024   UNITED LAUNCH ALLIANCE, LLC vs. L3HARRIS CINCINNATI ELECTRONICS CORPORATION, F/K/A L-3 COMMUNICATIONS CINCINNATI ELECTRONICS CORPORATION AND D/B/A SYSTEMS COMPANY OF L3 TECHNOLOGIES ET AL
Motion No.  003**

Page 6 of 6

6 of 6