## Michalowicz v EDP Renewables N. Am. LLC

2025 NY Slip Op 31520(U)

April 26, 2025

Supreme Court, New York County

Docket Number: Index No. 659615/2024

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-------------------------------------------------------------------------------------X

CANDICE MICHALOWICZ, RICHARD DOVERE, C2 ELEKTRA HOLDINGS LLC, and EDPR NA DISTRIBUTED GENERATION LLC F/K/A C2 OMEGA LLC,

Plaintiffs,

- v -

EDP RENEWABLES NORTH AMERICA LLC, EDPR NA DG HOLDING LLC, GUSTAVO GOMES MONTEIRO, SANDHYA GANAPATHY, MEREDITH JAYNE BERGER CHAMBERS, PEDRO PIRES JOAO, and NUNO ESCAJA GONCALVES

Defendants.

-------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 659615/2024 |
| **MOTION DATE** | - |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 119, 121, 122, 123, 124

were read on this motion to/for                                    SEAL                                    .

In motion sequence number 004, defendants EDP Renewables North America LLC, EDPR NA DG Holding LLC, Sandhya Ganapathy, Meredith Jayne Berger Chambers, Pedro Pires Joao, and Nuno Escaja Goncalves (collectively, Movants) move pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to redact the following documents:

1. January 2021 Summary Business Plan (NYSCEF Doc. No. [NYSCEF] 47, 61),[1]

2. Amendment No. 3 to the Membership Interest Purchase and Sale Agreement (MIPSA) (NYSCEF 48, 62),[2]

---

[1] The redacted public version is at NYSCEF 97.

[2] The redacted public version is at NYSCEF 99.

**659615/2024   MICHALOWICZ, CANDICE ET AL vs. EDP RENEWABLES NORTH AMERICA LLC ET AL**
**Motion No.  004**

**Page 1 of 6**

3. The ICC Acknowledgment of Receipt in Put Call Matter (NYSCEF 52, 66),[3]

4. The ICC Expert Rules Request in Earnout Matter (NYSCEF 53, 67),[4]

5. The Dovere Arbitration Deposition Transcript Excerpts (NYSCEF 69),[5]

6. Dovere Executive Employment Agreement (NYSCEF 71),[6]

7. Michalowicz Executive Employment Agreement (NYSCEF 72),[7]

8. April 20, 2022, Letter regarding acquisition (NYSCEF 80, 82),[8]

9. EDPNRs' entities MOL supporting their Motion to Dismiss (NYSCEF 55, 84),[9] and

10. Individual defendants' MOL supporting their Motion to Dismiss (NYSCEF 78, 83).[10]

The motion is unopposed. There is no indication that the public has an interest in this matter.

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerus statutes." (*Id.* at 349.) One of those statutes is §216.1 (a) of

---

[3] The redacted public version is at NYSCEF 101.
[4] The redacted public version is at NYSCEF 103.
[5] The redacted public version is at NYSCEF 105.
[6] The redacted public version is at NYSCEF 109.
[7] The redacted public version is at NYSCEF 111.
[8] The redacted public version is at NYSCEF 107.
[9] The redacted public version is at NYSCEF 113.
[10] The redacted public version is at NYSCEF 115.

**659615/2024   MICHALOWICZ, CANDICE ET AL vs. EDP RENEWABLES NORTH AMERICA LLC ET AL   Page 2 of 6**
**Motion No.  004**

the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause.  It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof.  In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.  Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard."  (22 NYCRR § 216.1.)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].)  Good cause must "rest on a sound basis or legitimate need to take judicial action."  (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].)

**Discussion**

Movants assert that the January 2021 Summary Business Plan, Amendment No. 3 to the MISPA, the ICC Acknowledgment of Receipt in Put Call Matter, the ICC Expert Rules Request in Earnout, and the April 20, 2022 Letter contain commercially sensitive nonpublic information, including specific details concerning earnout payments, multi-year megawatt targets, and earnout valuation.  They also contend that the EDPR entities and individual defendants' MOL quote and/or discuss the commercially sensitive information contained in the documents above.  (NYSCEF 117, LoTurco aff ¶ 10.)

In the business context, courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage."  (*Mosallem*, 76 AD3d at 350 [citations omitted].)  Records concerning financial information may be sealed where there has not been a showing of relevant public interest in the disclosure of that

659615/2024   MICHALOWICZ, CANDICE ET AL vs. EDP RENEWABLES NORTH AMERICA LLC ET AL
Motion No.  004

Page 3 of 6

3 of 6

information.  (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].)

Movants have demonstrated good cause to redact the January 2021 Summary

Business Plan, Amendment No. 3 to the MISPA, the ICC Acknowledgment of Receipt in

Put Call Matter, the ICC Expert Rules Request in Earnout, the April 20, 2022 Letter

regarding acquisition, and the EDPR entities and individual defendants' MOL because

the information contained in these documents would harm Movants' competitive

advantage now and in future negotiations if disclosed.  Accordingly, these documents

shall be redacted.

Movants assert that the Dovere arbitration deposition transcript excerpts, the

Dovere Executive Employment Agreement, and the Michalowicz Executive Employment

Agreement contain sensitive personal information regarding the Dovere family,

addresses, and salary, and Michalowicz's salary.

A party "ought not to be required to make their private financial information public

... where no substantial public interest would be furthered by public access to that

information."  (*D'Amour v Ohrenstein & Brown*, 17 Misc 3d 1130 [A], 2007 NY Slip Op

52207[U], *20 [Sup Ct, NY County 2007] [citations omitted].)  Movants have

demonstrated good cause to redact the Dovere arbitration deposition transcript

excerpts, the Dovere Executive Employment Agreement, and the Michalowicz

Executive Employment Agreement because these documents contain private financial

information in which the public does not have a substantial interest.  Additionally, there

is good cause to redact a witness's address.  (*See MBIA Ins. Corp. v. Countrywide

Home Loans, Inc.*, 2013 WL 450030,*4–7 [Sup Ct, NY County 2013] [finding good

659615/2024   MICHALOWICZ, CANDICE ET AL vs. EDP RENEWABLES NORTH AMERICA LLC
ET AL
Motion No.  004

Page 4 of 6

4 of 6

[* 4]

cause to redact witnesses' home addresses].) Accordingly, the unredacted copies of these documents should be sealed.

Accordingly, it is

ORDERED that motion sequence number 004 is granted; and it is further

ORDERED that the County Clerk, upon service of this order, is directed to seal NYSCEF 47, 48, 52, 53, 55, 61, 62, 66, 67, 69, 71, 72, 78, 80, 82, 83 and 84; and it is further;

ORDERED that the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that movant shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

659615/2024   MICHALOWICZ, CANDICE ET AL vs. EDP RENEWABLES NORTH AMERICA LLC
ET AL
Motion No.  004

Page 5 of 6

5 of 6

ORDERED that this order does not authorize sealing or redacting for purposes of

trial or other court proceedings on the record, e.g., arguments on motions.

| | | | | | |
|---|---|---|---|---|---|
| **4/26/2025** | | | | | |
| **DATE** | | | | **ANDREA MASLEY, J.S.C.** | |
| **CHECK ONE:** | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | |
| | ☒ | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**659615/2024   MICHALOWICZ, CANDICE ET AL vs. EDP RENEWABLES NORTH AMERICA LLC
ET AL
Motion No.  004**

Page 6 of 6

[* 6]