| |
|---|
| **Vulpes Testudo Fund v Shinnick** |
| 2025 NY Slip Op 31729(U) |
| May 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 655825/2024 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

VULPES TESTUDO FUND, and VULPES INNOVATIVE
TECHNOLOGIES INVESTMENT COMPANY PTE LTD,

          Plaintiffs,

      - v -

GREGORY DANIEL SHINNICK, MATTHEW GARRITY
O'BRIEN, BLUE OCEAN TECHNOLOGIES, LLC, RALPH
LAYMAN, SANFORD MORHOUSE, and BLUE OCEAN
MANAGEMENT PARTNERS, LLC,

          Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655825/2024 |
| **MOTION DATE** | - |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 45, 46, 47, 48, 49, 50, 80, 81, 82, 83

were read on this motion to/for         SEAL        .

     In motion sequence number 003, defendants Gregory Daniel Shinnick and

Matthew Garrity O'Brien move pursuant to the Uniform Rules of the New York State

Trial Courts (22 NYCRR) § 216.1 to redact the Fourth Amended and Restated

Operating Agreement of defendant Blue Ocean Technologies, LLC (NYSCEF Doc. No.

[NYSCEF] 71).[1]  The motion is unopposed.

**Legal Standard**

     "Under New York law, there is a broad presumption that the public is entitled to

access to judicial proceedings and court records."  (*Mosallem v Berenson*, 76 AD3d

---

[1] The public version with the movants' proposed redactions is at NYSCEF 48.  The movants incorrectly designated NYSCEF 48 as "Redacted per 22 NYCRR §202.5(e)." Uniform Rules of the New York State Trial Courts (22 NYCRR) § 202.5(e) directs redactions to certain confidential personal identifiable information, such as social security numbers, bank accounts and dates of birth; such redactions do not require a

**655825/2024   VULPES TESTUDO FUND ET AL vs. GREGORY DANIEL SHINNICK ET AL**     **Page 1 of 4**
  **Motion No.  003**

1 of 4

[* 1]

345, 348 [1st Dept 2010] [citations omitted].)  The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerous statutes." (*Id.* at 349.)  One such provision is section 216.1 (a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause.  It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof.  In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.  Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (Uniform Rules for Trial Cts [22 NYCRR] § 216.1.)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].)  Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].)

Further, in the business context, courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage." (*Mosallem*, 76 AD3d at 350 [citations omitted].)  Records concerning financial information may be sealed where there has not been a showing of relevant public interest in the disclosure of that information. (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].)  A party "ought not to be required to make their private financial information public ... where no substantial public interest would be furthered by public access to that

---

court order.  Upon review, NYSCEF 48 contains no redactions authorized by that statute.

655825/2024  VULPES TESTUDO FUND ET AL vs. GREGORY DANIEL SHINNICK ET AL
Motion No.  003

Page 2 of 4

2 of 4

information." (*D'Amour v Ohrenstein & Brown*, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U], *20 [Sup Ct, NY County 2007] [citations omitted].)

Additionally, courts have recognized a compelling interest in sealing a third-party's financial or private information as disclosure could imping upon the privacy rights of these nonparties. (*See Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007]; *Natixis Real Estate Capital Tr. 2007-HE2 v Natixis Real Estate Capital, Inc.*, 77 Misc 3d 1224[A], 2023 NY Slip Op 50027[U], *2 [Sup Ct, NY County 2023].)

**Discussion**

The movants seek to redact names, addresses, and email addresses of nonparty members of Blue Ocean Technologies, LLC, as well as the nonparties' financial information in the capitalization tables.

Movants have demonstrated good cause to redact the Fourth Amended and Restated Operating Agreement as proposed to shield nonparties' information, including their financial information, from public disclosure. (*See Reveam, Inc. v. Taylor Freres Capital Markets, LLC*, 2024 WL 4216622, *1 [Sup Ct, NY County 2024] [granting motion redact identities of investors].) The nonparties' ownership in Blue Ocean Technologies, LLC is not at issue in this litigation. Additionally, there has been no showing of substantial public interest in disclosure of such nonparty information.

Accordingly, it is

ORDERED that this motion is granted; and it is further

ORDERED that the County Clerk, upon service of this order, is directed to seal NYSCEF 71; and it is further

**655825/2024   VULPES TESTUDO FUND ET AL vs. GREGORY DANIEL SHINNICK ET AL**
Motion No. 003

Page 3 of 4

3 of 4

[* 3]

ORDERED that the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that movants shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial or other court proceedings on the record, e.g., arguments on motions.

202505101648839AMASLEY642FFD77DB9F4E77BAA1FBAF2DA40D09

**5/10/2025**
_____
**DATE**

_____
**ANDREA MASLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655825/2024   VULPES TESTUDO FUND ET AL vs. GREGORY DANIEL SHINNICK ET AL**
**Motion No.  003**

**Page 4 of 4**

[* 4]