# Grain Belt Express Holding LLC v Invenergy Transmission LLC

## 2025 NY Slip Op 31725(U)

## May 10, 2025

## Supreme Court, New York County

## Docket Number: Index No. 651445/2023

## Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

GRAIN BELT EXPRESS HOLDING LLC,

                              Plaintiff,

                      - v -

INVENERGY TRANSMISSION LLC and GRAIN BELT
EXPRESS CLEAN LINE LLC,

                           Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651445/2023 |
| **MOTION DATE** | - |
| **MOTION SEQ. NO.** | 009 010 013 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 198, 199, 200, 201, 202, 223

were read on this motion to/for                   SEAL               .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 222

were read on this motion to/for                   SEAL               .

The following e-filed documents, listed by NYSCEF document number (Motion 013) 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 267, 268, 270

were read on this motion to/for                   SEAL               .

In motion sequence number 009, defendants move pursuant to the Uniform

Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to redact the following

documents:[1]

    1.  Anthony Pennino expert report (NYSCEF Doc. No. [NYSCEF] 200)[2]

    2.  Mark McDonald email and attachments to Invenergy employees (NYSCEF 201)[3]

---

[1] The parties are reminded not to file placeholders (ex. NYSCEF 166, 167, 168, and 175).  (*See* Part 48 Procedures ¶ 6 [G].)

[2] The public version with redactions is at NYSCEF 172.

[3] The public version with redactions is at NYSCEF 148.

**651445/2023   GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL**
**Motion No.  009 010 013**

                                **Page 1 of 6**

[* 1]

In motion sequence number 010, nonparty Grid United LLC (Grid) moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to redact the following documents:

1.  Michael Skelly's affidavit (NYSCEF 133 and 207)[4]

2.  Excerpts of Skelly's deposition transcript dated October 2, 2024 (NYSCEF 209)[5]

3.  Excerpts of Krzysztof Kris W. Zadlo's deposition transcript dated February 21, 2024 (NYSCEF 211)[6]

4.  Excerpts of Skelly's deposition transcript dated October 2, 2024 (NYSCEF 166 and 213)[7]

5.  Excerpts of Zaldo's deposition transcript dated February 21, 2024 (NYSCEF 167 and 215)[8]

6.  Emails between Grid and New Mexico Renewable Energy Transmission Authority (NYSCEF 168 and 217)[9]

7.  Grid's first amended and restated limited liability company agreement (NYSCEF 175 and 219)[10]

In motion sequence number 013, Grid moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to redact the following documents:

---

[4] The public version with redactions is at NYSCEF 208. The court notes that NYSCEF 133 and 207 were the subject of a previous sealing motion which was granted. (NYSCEF 271, Decision and Order [mot. seq. no. 011].)

[5] The public version with redactions is at NYSCEF 210.

[6] The public version with redactions is at NYSCEF 212.

[7] The public version with redactions is at NYSCEF 214.

[8] The public version with redactions is at NYSCEF 216.

[9] The public version with redactions is at NYSCEF 218.

[10] The public version with redactions is at NYSCEF 220.

**651445/2023  GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL**

**Motion No.  009 010 013**

**Page 2 of 6**

1. Plaintiff's MOL for summary judgment (NYSCEF 129, 197, 250, and 252)[11]

2. Joint statement of undisputed material facts (NYSCEF 130, 195, 254, and 256)[12]

3. Plaintiff's statement of undisputed material facts (NYSCEF 131, 196, 258 and 260)[13]

4. Expert Report of Christopher Russo dated November 8, 2024 (NYSCEF 141 and 262)[14]

These motions are unopposed. There is no indication that the press or public have an interest in this matter.

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerous statutes." (*Id.* at 349.) One such provision is section 216.1 (a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause. It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (22 NYCRR § 216.1.)

---

[11] The public version with redactions is at NYSCEF 251 and 253.
[12] The public version with redactions is at NYSCEF 255 and 257.
[13] The public version with redactions is at NYSCEF 259 and 261.
[14] The public version with redactions is at NYSCEF 263.

**651445/2023 GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL**
**Motion No. 009 010 013**

**Page 3 of 6**

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].)

**Discussion**

Mot. Seq. No. 009

Defendants seek to redact NYSCEF 200 and 201 which contain confidential business information. Records concerning financial information may be sealed where there has not been a showing of relevant public interest in the disclosure of that information. (*See Dawson v White & Case*, 184 AD2d 246, 247 [1st Dept 1992].) A party "ought not to be required to make their private financial information public ... where no substantial public interest would be furthered by public access to that information." (*D'Amour v Ohrenstein & Brown*, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U], *20 [Sup Ct, NY County 2007] [citations omitted].) The proposed redactions to NYSCEF 200 and 201 contain Invenergy's confidential business plans, estimated financial costs and benefits, and ownership information and there is no showing of public interest in disclosure of that information. Thus, defendants demonstrated good cause to redact NYSCEF 200 and 201.

Mot. Seq. Nos. 010 and 013

Grid seeks to seal NYSCEF 166, 167, 168 and 175; however, these documents are mere placeholders, and thus, this request is denied. Grid seeks to redact NYSCEF 133, 134, 137, 207, 209, 211, 213, 215, 217, and 219 on the ground that these

**651445/2023   GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL**
**Motion No.  009 010 013**

**Page 4 of 6**

4 of 6

[* 4]

documents contain confidential business information. Grid also seeks to redact NYSCEF 129, 130, 131, 141, 195, 196, 197, 250, 252, 254, 256, 258, 260, and 262 which quote, summarize, and paraphrase confidential financial information. "Courts have recognized a compelling interest in sealing a third-party's financial or private information as disclosure could impinge upon the privacy rights of these nonparties. In the business context, courts have sealed records when their disclosure could threaten a business's competitive advantage." (*Dorilton Capital Management LLC v. Stilus LLC*, 2024 WL 3430387, at *1 [Sup Ct, NY County 2024] [citations omitted].) Here, these documents contain Grid's business plans and strategies, including its feasibility and timelines, as well as Grid's investors, ownership, and management structure. If disclosed, these documents would impinge on Grid's privacy right as a nonparty. Thus, Grid demonstrated good cause to redact these documents.

Accordingly, it is

ORDERED that motion sequence number 009 is granted; and it is further

ORDERED that motion sequence number 010 is granted in part as to NYSCEF 133, 134, 137, 207, 209, 211, 213, 215, 217, and 219; and denied in part as to NYSCEF 166, 167, 168 and 175; and it is further

ORDERED that motion sequence number 013 is granted; and it is further

ORDERED that the County Clerk, upon service of this order, is directed to seal NYSCEF 129, 130, 131, 133, 134, 137, 141, 195, 196, 197, 200, 201, 207, 209, 211, 213, 215, 217, 219, 250, 252, 254, 256, 258, 260 and 262; and it is further;

ORDERED that the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties

651445/2023   GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL
Motion No.  009 010 013

Page 5 of 6

and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that movant shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial or other court proceedings on the record, e.g., arguments on motions.

| __5/10/2025__ | | |
|---|---|---|
| **DATE** | | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651445/2023   GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL**
**Motion No.  009 010 013**

**Page 6 of 6**

[* 6]